UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:22-CV-_____

| | |
|---|---|
| **KIMBERLY SINGH** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **NOTICE OF REMOVAL** |
| ) | |
| **SANTANDER CONSUMER USA, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

NOW COMES THE DEFENDANT, Santander Consumer USA Inc. ("Santander" or "Defendant"), pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, and hereby gives notice of the removal of this action from the Superior Court Division for Jackson County, North Carolina, to the United States District Court for the Western District of North Carolina, Asheville Division. In support of this notice of removal, Santander states as follows:

1. Plaintiff Kimberly Singh ("Singh" or "Plaintiff") commenced this action by filing a Complaint in Superior Court for Jackson County, North Carolina on or about March 9, 2022 in Case No. 22 CVS 161. *See* Compl., attached hereto with the court file and all pleadings, process, and orders served on Santander as **Exhibit A**.

2. Santander was served with the Complaint on or about March 21, 2022 by certified mail.

3. In the Complaint, Singh asserts claims for (1) Violation of the North Carolina Debt Collection Act, N.C. Gen. Stat. § 75-50 *et seq.*, and (2) Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq. See* (Compl.).

# FEDERAL QUESTION JURISDICTION

4. Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

5. This case is properly removable pursuant to 28 U.S.C. § 1441 because federal question jurisdiction is present. Section 1441 provides, in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

6. Plaintiff is the ultimate master of his claims. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987) (a plaintiff is "the master of the claim"). Thus, as the Supreme Court has made clear, a plaintiff "may avoid federal jurisdiction by exclusive reliance on state law." *Id.* (citations omitted); *see also Toney v. Lasalle Bank Nat'l Ass'n*, 36 F. Supp. 3d 657, 667 (D.S.C. 2014).

7. The corollary of that doctrine, however, is that a plaintiff may plead herself into federal court by seeking judicial resolution of a federal question or seeking federal relief. *See Esab Grp., Inc. v. Zurich Ins. PLC*, 685 F.3d 376, 394 (4th Cir. 2012) ("[S]o long as one claim in an action present[s] a federal question . . . a court could exercise jurisdiction . . . ."); *Pet Quarters, Inc. v. Depository Tr. & Clearing Corp.*, 559 F.3d 772, 779 (8th Cir. 2009) ("If even one claim in the complaint involves a substantial federal question, the entire matter may be removed.").

8. This is a civil action arising under the Constitution, laws, or treaties of the United States because Plaintiff asserts claims for violation of the Telephone Consumer Act, 47 U.S.C. § 227 *et seq*. *See generally* (Compl.).

9. Accordingly, Plaintiff's claim discussed in Paragraph 8, *supra*, arises under the laws of the United States.

## SUPPLEMENTAL JURISDICTION

10. The Court should exercise supplemental jurisdiction over any state law claims, including claims for violation of the North Carolina Debt Collection Act, N.C. Gen. Stat. § 75-50 *et seq*., as this claim would form part of the same case or controversy as Singh's federal law claim(s).

11. The supplemental jurisdiction statute, 28 U.S.C. § 1367(a), provides in pertinent part as follows:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . .

28 U.S.C. § 1367(a).

12. Singh's allegations here are related to the same alleged activity that forms the basis for her federal claim. Moreover, this Court should exercise supplemental jurisdiction over Plaintiff's state law claims in this action to avoid an unnecessary duplication of judicial resources. *See Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) (observing that "considerations of judicial economy" factor into the district court's analysis in determining whether to exercise supplemental jurisdiction).

13. Defendants expressly consent to this Court's jurisdiction over any state-law claim arising out of the Plaintiff's pleadings that forms a part of the same case or controversy.

14. Accordingly, any state-law claim is related to Plaintiff's alleged federal law claim(s), and thereby forms a part of the same case or controversy pursuant to 28 U.S.C. § 1367(a).

## ADOPTION AND RESERVATION OF DEFENSES

15. Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of any of Defendants' rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

## PROCEDURAL REQUIREMENTS

16. This case is a civil action within the meaning of 28 U.S.C. § 1441(a), relating to the removal of cases.

17. True and correct copies of "all process, pleadings, and orders" filed to date are attached hereto as **Exhibit A**, in conformity with 28 U.S.C. § 1446(a). There has been no other process, pleading, or order served upon Defendants to date in this case.

18. Pursuant to 28 U.S.C. § 1446(b)(2)(B), this removal is timely.

19. The United States District Court for the Western District of North Carolina, Asheville Division, is the court and division embracing the place where this action is pending in state court.

20. Santander reserves the right to supplement this Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

21. Santander also requests an opportunity to brief or otherwise address any question regarding this Court's jurisdiction that may be raised by Plaintiff or otherwise visited by this Court.

22. Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this notice of removal, Defendants have filed a copy of same with the Clerk of Court for Jackson County, North Carolina, as well as a notice of filing notice of removal. Written notice of the filing of this notice of removal has also been served upon the Plaintiff.

**WHEREFORE,** Defendants pray that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Superior Court for Jackson County, North Carolina, to the United States District Court for the Western District of North Carolina, Asheville Division.

Respectfully submitted this 8th day of April, 2022.

/s/ G. Wade Leach, III
G. Wade Leach, III
NC Bar No. 54895
BURR & FORMAN LLP
101 South Tryon Street, Suite 2610
Charlotte, NC 28280
Phone: (704) 347-1170
Fax: (704) 347-4467
E-mail:wleach@burr.com

ATTORNEY FOR DEFENDANT
SANTANDER CONSUMER USA INC.